# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY STANLEY KNOWS HIS GUN,<br><br>Defendant. | CR-12-09-BLG-SPW<br>CR-14-40-BLG-SPW<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

A petition alleges that Defendant violated conditions of his supervised release.  Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  *Order* (*ECF 58*) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).  *See also* 18 U.S.C. § 3401(i).

On November 2, 2016, the Court conducted the revocation hearing.  Defendant admitted all six violations.  As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 6 months imprisonment followed by 29 months of supervised release.

1

## I.  Background

On 3/18/2015 the defendant appeared for sentencing before Judge Shanstrom, having pled guilty to the offense of criminal contempt.  The defendant was sentenced to 12 months custody, followed by 36 months supervised release.  The offense involved the defendant failing to provide testimony after being given an order to do so in the *United States v. Vince Lee Whiteman*.  Previously, on 12/3/2012, the defendant appeared for sentencing before Judge Shanstrom, having pled guilty to the offense of assault with a dangerous weapon, and was sentenced to 37 months custody at FCI Herlong, California, followed by 36 months supervised release.  The offense involved the defendant, after consuming alcohol, stabbing Alijay Big Hair following a verbal dispute.  Both terms of supervised release were ordered to run concurrent.

On 8/17/2016 the defendant's term of supervised release was revoked for consuming alcohol, a new charge of domestic assault, and a Bench Warrant issued for failure to attend court.  The defendant was sentenced to time served (16 days), followed by 35 months of supervised release.

On 8/17/2016, the defendant began the current term of supervised release.

Within days of his release, the defendant was again consuming alcohol. The pattern continued. The defendant was arrested by the BIA for intoxication, missed urinalysis tests, and also failed to maintain contact with the probation officer or treatment provider, so no intervention techniques could be utilized to assist the defendant with maintaining sobriety.

The defendant needs to be held accountable for his actions and face a consequence serious enough to influence his future behavior. He has demonstrated a lack of judgment and accountability. It should be noted also that the defendant's underlying offense was for Assault with a Dangerous Weapon, during which time he was also under the influence. The defendant's failure to notify the probation officer of his whereabouts and continued drinking while in the community places the defendant and the community at risk.

## II. <u>Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by Mark Werner. Lori Suek represented the United States. The

undersigned explained the Findings and Recommendations procedure to Defendant, and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. The defendant admitted all of the violations as alleged in the Petition.

The undersigned accepted the admissions and proceeded to sentencing issues. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5-11 months incarceration. Defendant could be sentenced to as much as 35 months supervised release, less any incarceration time imposed. Ms. Suek and Mr. Werner agreed with those calculations.

Ms. Suek requested a sentence of 8 months with a period of supervised release to follow. She stated that her reasons for making that recommendation are: (1) this is the second time that the defendant is before the Court for revocation of his supervised release; (2) the first time, he received a lenient sentence in that the Sentencing Guidelines called for a minimum 5 months incarceration and the defendant

received only 16 days; (3) the defendant squandered this "break" that the Court previously gave him; (4) the defendant's underlying offense was a violent crime involving alcohol; (5) the defendant has demonstrated, through his actions, a lack of respect for authority, as also indicated by his conviction for contempt; and (6) the defendant violated his supervised release conditions very shortly after being released from custody.

Mr. Werner requested a sentence of 2 months. He stated that he believes this would be an adequate amount of time to get the message across to the defendant that he cannot violated his release conditions. Mr. Werner stated that the reasons for his recommendation are: (1) the defendant has a severe alcohol addiction for which he has never received in-patient treatment; (2) the defendant strongly desires alcohol treatment and is motivated to be successful; (3) the defendant was barely 18 years old at the time of his underlying offense, and wanted treatment when his supervised release was revoked the first time but did not receive it; (4) all of the defendant's violations centered around his abuse of alcohol; (5) the defendant would like to attend the 60-day WATCH program at Warm Springs; (6) the defendant's

perceived lack of respect for authority is not as simple as that, but rather stems from familial and societal tensions that place pressure on him to sometimes behave in a way that only seems disrespectful to authority; and (7) the defendant needs treatment for his alcoholism more than he needs incarceration.

Defendant stated that he: (1) realizes he has a bad problem with alcohol; (2) makes bad choices and decisions when he is drinking; (3) wants to do well and follow his release conditions, but is influenced by friends who drink; (4) had a bad break up that triggered his drinking and led to his violations; (5) recently lost his mother, for whom he is still in mourning, which stressor also contributed to his drinking; (6) feels like he his lost and has no one to turn to for help; (7) uses alcohol to self-medicate; and (8) wants to participate and be successful in treatment. When asked, the defendant also stated that he believes he deserves a sentence at the low end of the guidelines range because he is held prisoner by his alcoholism.

## III.   Conclusions and Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The

Court should sentence Defendant to 6 months imprisonment followed by 29 months supervised release. No circumstances warrant a departure from the guideline range.

The defendant's failure to notify the probation officer of his whereabouts and continued drinking while in the community places the defendant and the community at risk. The Defendant got a break the last time his supervised release was revoked when he received only 16 days incarceration, and he squandered that break by violating only a short time after being released. He needs to take his alcohol problem seriously and use every opportunity to get treatment, which the Probation Officer indicated would be available to the Defendant upon his release. A sentence slightly above the lower end of the guideline range would be appropriate and will send a message to the defendant that he is expected to follow the conditions imposed by the Court and the rules of his treatment program. This sentence would additionally assist in protecting the community from future crimes by the defendant.

## IV.  Conclusion

Defendant was advised that the above sentence would be

recommended to Judge Watters, and reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve this right.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the Special Condition that he shall abstain from the consumption of alcohol.  Upon reporting to the U.S. Probation Office in Billings as directed, the defendant admitted to drinking alcohol with friends on or around 8/20/2016.

2   Defendant violated the Special Condition the he shall participate in substance abuse testing.  On 9/4/2016, the defendant missed a random urinalysis test with his treatment provider.  The defendant failed to call the provider or the undersigned officer and provide a valid reason for missing the test.

3.  Defendant violated the Special Condition that he shall abstain from the consumption of alcohol.  On or around 9/10/2016, the defendant was arrested by the Bureau of Indian Affairs for intoxication in Lame Deer, Montana.

4.  Defendant violated the Special Condition the he shall participate in substance abuse testing.  On 9/19/2016, the defendant missed a random urinalysis test with his treatment provider.  The defendant failed to call the provider or the undersigned officer and provide a valid reason for missing the test.

5.  Defendant violated the Special Condition the he shall participate in substance abuse testing.  On 9/24/2016, the

defendant missed a random urinalysis test with his treatment provider. The defendant failed to call the provider or the undersigned officer and provide a valid reason for missing the test.

6.  Defendant violated the Standard Condition that he report to the probation officer in a manner and frequency directed by the court or probation officer. As of 9/30/2016, the defendant had failed to report to the probation officer as directed. Several attempts were made to contact the defendant without success. The defendant had absconded supervision and his whereabouts were unknown.

Accordingly, **IT IS RECOMMENDED** that:

The Court should revoke Defendant's supervised release and sentence Defendant to 6 months imprisonment, followed by a 29-month term of supervised release.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
|-----------|----------------------|
| 1 | The defendant shall participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office. |
| 2 | The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office. |
| 3 | The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office. |
| 4 | The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only. |
| 5 | The defendant shall not ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic stimulants that are not manufactured for human consumption, for the purpose of altering their mental or physical state. |
| 6 | The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only. |
| 7 | The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination. |
| 8 | The defendant shall comply with Violent Offender Registration requirements for convicted offenders in any state in which the defendant resides. |

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Watters may accept, reject, or modify, in whole or in part, these Findings and Recommendations.  Failure to timely file written objections may bar a *de novo* determination by Judge Watters.

DATED this 2nd day of November, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge